## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Guled O.,

       Plaintiff,

    v.

Kristi Noem, in her capacity as Secretary
of the United States Department of
Homeland Security; Todd M. Lyons, in
his official capacity as Acting Director of
the United States Immigration and
Customs Enforcement; Pamela Bondi, in
their official capacity as Attorney General
of the United States; and David
Easterwood, in his official capacity as
Acting Director, St. Paul Field Office,
U.S. Immigration and Customs
Enforcement,

       Respondents.

**ORDER ON PETITION FOR
WRIT OF HABEAS CORPUS**
Civil No. 26-575 ADM/DJF

---

Rachel M. Engebretson, Esq., Engebretson Law Firm, P.A., Blaine, MN, on behalf of Petitioner.

J. Cruz Rodriguez, Assistant United Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Respondents Kristi Noem, Pamela Bondi, Todd M. Lyons, and David Easterwood.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Petitioner Guled O.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") [Docket No.

1].[1]  For the reasons stated below, the Court grants Petitioner's habeas petition and orders his

immediate release.

---

[1]  Pursuant to this District's policy in immigration cases, the Court identifies Petitioner by only his first name and last initial.

## II. BACKGROUND

Petitioner is a native and citizen of Somali who entered the United States in May 2022. Pet. ¶¶ 1-2, 8, 26, 38.  He was charged in removal proceedings with entering without inspection and was released from United States Immigration Customs and Enforcement ("ICE") custody. Id. ¶ 39.

After his release, Petitioner came to Minnesota, where his removal proceedings are venued.  Id. ¶ 40.  Petitioner filed a timely application for asylum and is scheduled for a final ("individual") hearing regarding that application on June 18, 2026 at Fort Snelling in St. Paul, Minnesota.  Id. ¶ 42.  Petitioner has no criminal history.  Id. ¶ 41.

On January 22, 2026, Respondents took Petitioner into custody without warning, notice, or a warrant.  Id. ¶ 44.  Petitioner has remained in custody since this date.  Id. ¶ 46.

Petitioner filed this habeas action challenging his detention under 28 U.S.C. § 2241.  He argues that he is entitled to immediate release or a bond hearing under 8 U.S.C  § 1226(a).  Id. ¶10.  Petitioner asserts that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act ("INA"), and the Administrative Procedures Act ("APA").  Id. ¶¶ 59-90.

On the afternoon of January 23, 2026, this Court entered a show-cause order enjoining Respondents from moving Petitioner outside of Minnesota until further order of the Court. Order [Docket No. 3] at 2.  The show-cause order further ordered that if Petitioner had already been removed from Minnesota, Respondents must immediately return him to the state.  Order [Docket No. 3] at 2.  At 4:54 p.m. on January 23, 2026, Respondents' counsel advised Respondents of the show-cause order enjoining Petitioner's movement outside Minnesota.  Resp. [Docket No. 5] at 1.  On the morning of January 25, 2026, Respondents  informed their counsel

that Petitioner was in El Paso, Texas.  Id. at 1-2.  On the morning of January 26, 2026,

Respondents' council requested Respondents to provide an update on the plans to return

Petitioner to Minnesota.  Id. at 2.  As of today, January 28, 206, Respondents still have not

communicated a plan for returning Petitioner to Minnesota despite the Court's January 23, 2026

show-cause order enjoining his transfer from this district.  The Court has serious concerns with

Respondents' knowing failure to comply with the show-cause order.  Such actions have

consequences.  See 18 U.S.C. § 401(3).

Respondents have submitted a Response in opposition to the Petition, arguing that

Petitioner is not eligible for a bond hearing because he is subject to mandatory detention under

§ 1225(b)(2).

### III.  DISCUSSION

This is one of numerous recent habeas cases challenging the application of

8 U.S.C. §1225(b)(2) to noncitizens who are living in the United States after entering without

inspection.  Petitioner, who has been living in the United States since he entered the country

more than three years ago, argues that the mandatory detention provision of §1225(b)(2) does not

apply and that his detention is instead governed by 8 U.S.C. § 1226(a).

This Court has recently held that § 1226(a) applies to noncitizens who are already in the

country and are detained pending removal proceedings.  See Abdul S. v. Shea, No. 26-CV-376

ADM/DTS (D. Minn. Jan. 23, 2025).  An overwhelming majority of courts, including the only

federal court of appeals to preliminarily consider the issue, have reached the same conclusion.

See Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061-62 (7th Cir. 2025);

Barco Mercado v. Francis, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov.

26, 2025) (noting that the government's interpretation of §1225(b)(2) has been rejected in 350

cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States"); <u>Andres R.E. v. Bondi</u>, No. 25-CV-3946 NEB/DLM, 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); <u>Belsai D.S. v. Bondi</u>, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5-6 (D. Minn. Oct. 1, 2025) (collecting cases).

Respondents raise several arguments for its position that § 1225(b)(2) applies to Petitioner. The Court has considered Respondents' arguments and finds them unpersuasive.

Having determined that § 1226(a) applies, the Court considers whether the proper remedy is a bond hearing or Petitioner's immediate release. Section 1226(a) provides that "<u>[o]n a warrant issued by the Attorney General</u>, an alien may be arrested and detained." 8 U.S.C. §1226(a) (emphasis added). Several judges in this District have concluded that an arrest warrant is a prerequisite to detention under § 1226(a). <u>See e.g.</u>, <u>Ahmed M. v. Bondi</u>, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); <u>Juan S.R. v. Bondi</u>, No. 26-CV-5 (PJS/LIB) (D. Minn. Jan. 12, 2026) [Docket No. 8 at 3-4]; <u>Ismael G.H. v. Bondi</u>, No. 26-CV-52 (NEB/DTS) (D. Minn. Jan. 16, 2026) [Docket No. 8 at 4-5].

Petitioner has alleged that his arrest was warrantless. Pet. ¶ 46. Respondents have not provided evidence to the contrary, despite this Court's Order to produce "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." <u>See</u> Order [Docket No. 3]. Because an arrest warrant is a prerequisite to detention under § 1226(a) and Respondents detained Petitioner without a warrant, the Court will grant the Petition and order his immediate release in Minnesota.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Petitioner Guled O.'s Petition for Writ of Habeas Corpus [Docket

No. 1] is **GRANTED** as follows:

1. The Court DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. §1225(b)(2) and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. §1226.

2. Respondents are ORDERED to release Petitioner Guled O. from custody in Minnesota immediately;

3. Within five days of the date of this Order, Respondents shall file notice on the docket confirming that release within Minnesota occurred; and

4. Respondents are ORDERED to appear before the Court on Tuesday, February 3, 2026, at 10:00 a.m. to show cause as to why they failed to comply with this Court's January 23, 2026 show-cause order.  The hearing shall be cancelled if Respondents file notice confirming they have released Petitioner in Minnesota in compliance with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


BY THE COURT:


s/Ann D. Montgomery

Dated: January 28, 2026                     ANN D. MONTGOMERY
                                            U.S. DISTRICT JUDGE