**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Guled O.,

      Plaintiff,

v.

**ORDER**
Civil No. 26-575 ADM/DJF

Kristi Noem, in her capacity as Secretary
of the United States Department of
Homeland Security; Todd M. Lyons, in
his official capacity as Acting Director of
the United States Immigration and
Customs Enforcement; Pamela Bondi, in
their official capacity as Attorney General
of the United States; and David
Easterwood, in his official capacity as
Acting Director, St. Paul Field Office,
U.S. Immigration and Customs
Enforcement,

      Respondents.

---

Rachel M. Engebretson, Esq., Engebretson Law Firm, P.A., Blaine, MN, on behalf of Petitioner.

J. Cruz Rodriguez, Assistant United Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Respondents Kristi Noem, Pamela Bondi, Todd M. Lyons, and David Easterwood.

---

## I.  INTRODUCTION

This Order formalizes the Court's oral rulings in which the Court (1) denied Petitioner Guled O.'s ex parte Motion for Contempt [Docket No. 13] and (2) continued the show cause hearing concerning Respondents' failure to return Petitioner's property to him when they released him from detention [Docket Nos. 8, 12].  For the reasons stated below, Petitioner's Motion for Contempt is denied, and the show cause hearing is continued until February 25, 2026.

## II.  BACKGROUND

On January 28, 2026, this Court entered an Order [Docket No. 8] granting Petitioner Guled O.'s ("Petitioner") Petition for habeas corpus relief.  In the Order, the Court noted that Respondents had transferred Petitioner to Texas despite the Court's January 23, 2026 Order [Docket No. 3] enjoining Respondents from transferring Petitioner from this district during the pendency of these proceedings.  Based on this conduct, the Court ordered Respondents to appear at a February 3, 2026 hearing to show cause as to why Respondents had not complied with the January 23, 2026 Order.  See Order [Docket No. 8] at 2-3, 5.  The Court stated that the show cause hearing would be cancelled if Petitioner were released in Minnesota before that date.

On February 2, 2026, Petitioner's counsel filed a Notice [Docket No. 10] stating that Respondents returned Petitioner to Minnesota and released him on February 2, but that Respondents failed to return Petitioner's car keys, identification documents, wallet, and phone to him and told Petitioner that those items were "lost."  Following this Notice, the Court entered an Order [Docket No. 12] stating that the February 3 show cause hearing would remain scheduled. The Court further ordered that if Petitioner's property had not been found and returned before the hearing, Respondents were required to appear in Court and explain the efforts they were making to locate and return the property.

## III.  DISCUSSION

### A.  Petitioner's Motion for Contempt

Less than two hours before the February 3 show cause hearing, Petitioner filed an ex parte Motion for Contempt [Docket No. 13] asking the Court to hold Respondents in contempt for failure to comply with this Court's order directing Petitioner's immediate release from detention and for the loss of Petitioner's personal property during his detention.

At the February 3 show cause hearing, the Court orally denied Petitioner's contempt motion.  The Court found that the motion lacked adequate notice, and determined that a contempt order was not warranted.  Although Respondents had technically complied with the specific language of the Court's January 28 Order to release Petitioner in Minnesota, the compliance failed to meet the good faith expectation that Petitioner would be released with the items in his possession at the time of his detention.

**B.  Show Cause Hearing**

Counsel for Respondents informed the Court that Petitioner's property is likely in Texas, and that counsel had been communicating with Texas agents by phone several times yesterday day to obtain updates on whether Petitioner's property had been found.

The Court is not satisfied with the scant details provided by Respondents about the efforts being taken to immediately locate and return Petitioner's property.  As Petitioner's counsel noted at the hearing, Respondents' failure to return Petitioner's identifying documents, car keys, phone, and other items has and will continue to impede Petitioner's ability to maintain employment and his freedom of movement.  It is imperative that Petitioner's property that was lost during his transfer to and from Texas be located and returned to Petitioner as soon as possible.

**IV.  CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1.  Petitioner's ex parte Motion for Contempt [Docket No. 13] is **DENIED**;

2.  The show cause hearing is **CONTINUED** until February 25, 2026, at 10:00 a.m.;

3.  Respondents shall immediately notify Petitioner's attorney after the property is found to arrange for the return of the property, and shall file notice with the Court that the property has been found and returned; and

4.  If Respondents still have not located the Property as of February 22, 2026, Respondents shall file a detailed affidavit setting forth the names and titles of the agents searching for Petitioner's lost property; the processes, procedures, and other good faith efforts being taken to locate Petitioner's property; and the dates and times such measures were taken to find the property.

BY THE COURT:


s/Ann D. Montgomery
Dated: February 3, 2026                    ANN D. MONTGOMERY
                                           U.S. DISTRICT JUDGE