UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Guled O.,

      Plaintiff,

v.

Kristi Noem, in her capacity as Secretary of the United States Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; Pamela Bondi, in their official capacity as Attorney General of the United States; and David Easterwood, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement,

      Respondents.

**ORDER**
Civil No. 26-575 ADM/DJF

---

## I. INTRODUCTION

Before the Court is Respondents' February 22, 2026 Status Report [Docket No. 16] in the above-referenced case. Based on the Status Report and for the reasons stated below, the show cause hearing scheduled for February 25, 2026 is cancelled, and this habeas case will be closed.

## II. BACKGROUND AND DISCUSSION

On January 28, 2026, this Court entered an Order [Docket No. 8] granting Petitioner Guled O.'s ("Petitioner") Petition for habeas corpus relief. In the Order, the Court noted that Respondents had transferred Petitioner to Texas despite the Court's January 23, 2026 Order [Docket No. 3] enjoining Respondents from transferring Petitioner from this district during the pendency of these proceedings. Based on this conduct, the Court ordered Respondents to appear

at a February 3, 2026 hearing to show cause as to why Respondents had not complied with the January 23, 2026 Order.  See Order [Docket No. 8] at 2-3, 5.  The Court stated that the show cause hearing would be cancelled if Petitioner were released in Minnesota before that date.

On February 2, 2026, Petitioner's counsel filed a Notice [Docket No. 10] stating that Respondents returned Petitioner to Minnesota and released him on February 2, but that Respondents failed to return Petitioner's car keys, identification documents, wallet, and phone to him and told Petitioner that those items were "lost."  Following this Notice, the Court entered an Order [Docket No. 12] stating that the February 3 show cause hearing would remain scheduled.  The Court further ordered that if Petitioner's property had not been found and returned before the hearing, Respondents were required to appear in Court and explain the efforts they were making to locate and return the property.

At the February 3 show cause hearing, counsel for Respondents informed the Court that Petitioner's property was likely in Texas, and that counsel had been communicating with Texas agents by phone to obtain updates on whether Petitioner's property had been found.  The Court determined that although Respondents had technically complied with the specific language of the Court's January 28 Order to release Petitioner in Minnesota, the compliance failed to meet the good faith expectation that Petitioner would be released with the items in his possession at the time of his detention.  See Order Show Cause [Docket No. 15].  The Court continued the show cause hearing to February 25, 2026, and ordered that if Petitioner's property had not been found by February 22, Respondents must submit a detailed affidavit listing their good faith efforts to locate Petitioner's property.  Id.

On February 22, 2026, Respondents filed a status report [Docket No. 16] stating that Petitioner's property still has not been found.  Respondents also submitted a declaration [Docket

No. 16, Attach. 1] from an Assistant Field Office Director in ICE's St. Paul Field Office documenting the efforts taken to locate Petitioner's property.

The Court has reviewed the submissions and is satisfied that sufficient good faith efforts have been made to achieve minimal compliance with the Court's January 28 Order. Respondents and counsel have acted diligently in attempting to locate Petitioner's property and have provided Petitioner with a replacement work permit. Based on these circumstances, no contempt will be ordered, the show cause hearing scheduled for February 25 will be cancelled, and this habeas case will be closed. Although Petitioner's habeas case has concluded, he may continue to pursue his missing property---including his driver's license, cellular phone, and car keys---using the forms provided by Respondents. See Docket No. 16, Attachs. 2-3.

### III.  CONCLUSION

Based on the foregoing, and all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. The show cause hearing scheduled for February 25, 2026, at 10:00 a.m. is **CANCELLED**; and

2. This matter is now closed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: February 23, 2026

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE